[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE COVERED VEHICLE
On January 2, 1998, Christopher Chapman, while operating a vehicle owned by Joy Chapman, collided with a vehicle owned by the plaintiff. The plaintiff brought an action claiming that Christopher Chapman was negligent and as a result thereof caused her injuries. Joy Chapman's vehicle was uninsured at the time of the incident. On January 2, 1998, Christopher Chapman was without a permanent home and resided at times with his father, Wilbert, at 81 Wood Street in Waterbury, and with his brother at a different address. His operators license bore his father's address. Christopher Chapman did not own his own vehicle nor did he carry automobile insurance. Christopher's personal belongings, primarily clothing, were kept at both his father's and brother's homes.
Joy Chapman, owner of the car Christopher was operating, lived around the corner from Christopher's father. Joy possessed the keys to the car. Christopher needed to ask her permission to use the vehicle. He had borrowed it ten to twenty times in the year preceding the accident. He used the car to run errands for himself. He did not use it as transportation to and from school.
The issue presented to this court for resolution is whether or not Joy Chapman's vehicle is a "non-owned automobile" and therefore an insured automobile under Wilbert Chapman's policy of insurance with Allstate.[1]
"Courts uniformly have held that the applicability of the regular use exclusion turns on the `particular facts and circumstance in each case.'. . . A review of case law from other states reveals a host of indicia of `regular use' including: (1) blanket permission to use the car rather than having to ask permission for each use; (2) availability of a set of keys to the car; (3) continuous, steady, methodical use as opposed to occasional or special use; (4) the nature of the use (e.g. use for all purposes rather than solely business use); and (5) that the insured would reasonably have expected to pay an extra premium to cover the use of the car." Amica Mutual Insurance Co. v. Franklin, 147 F.3d 238, 242 C.A. 2 (Conn.), 1998.
This court finds that Christopher Chapman was a resident relative of his father's household who was covered by his father's policy of automobile insurance because Joy Chapman's car was not furnished for his regular use.
By The Court
_____________________ J. SCHEINELUM